UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KYLE-JOSEPH KUBS,

                Petitioner,

   v.

JAMES GANNON,

                Respondent.

Civil Action No. 24-4749 (JXN)

**OPINION**

**NEALS**, District Judge

    This matter comes before the Court on *pro se* Petitioner Kyle-Joseph Kubs' ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), the Court has carefully considered the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, the Petition is dismissed without prejudice, and Petitioner is denied a certificate of appealability.

    **I.**    **BACKGROUND**

    According to his Petition, Petitioner is a pretrial detainee currently confined at Morris County Correctional Facility in Morris Township, New Jersey. (ECF No. 1 at 1.) Petitioner challenges his pre-trial detention. (*See generally id.*) Petitioner makes no factual allegations regarding his arrest and detention. (*See id.*) Rather, Petitioner appears to seek to litigate speedy trial and related due process challenges. (*See id.* at 1.) Petitioner claims he was "falsely and

maliciously arrested, without [a] warrant present despite demands to show warrant and articulate jurisdiction." (*Id.*) Petitioner seeks to have Respondent show cause as to why Petitioner is being denied his rights. (*Id.* at 8.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this Rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n.5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit in *Moore* therefore held that although federal district courts have jurisdiction to hear the habeas

challenges of state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. Thus, where no exceptional circumstances are present and a petitioner seeks to litigate the merits of a constitutional defense to a criminal charge, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.*

### III.    DISCUSSION

In his Petition, Petitioner seeks to challenge his pending criminal proceedings by raising claims regarding speedy trial, due process, and the validity of his arrest. (ECF No. 1 at 1.) Petitioner does not assert that he has exhausted any claims in state court. Additionally, there is nothing extraordinary about Petitioner's claims, which include the lack of an arrest warrant and the denial of bail. (*Id.*) Petitioner, therefore, appears to be attempting to prematurely raise his criminal defenses via habeas, a tactic Third Circuit caselaw will not allow. *See Duran*, 393 F.3d at 4 (affirming dismissal of § 2241 habeas petition by state pretrial detainee alleging in part he was subject to warrantless arrest and was detained without probable cause hearing because petitioner did not exhaust and failed to show extraordinary circumstances); *Moore*, 515 F.2d at 445 ("We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."). Petitioner has failed to present claims over which the Court can exert pre-trial habeas jurisdiction as Petitioner has not exhausted his claims nor presented extraordinary circumstances warranting habeas relief without exhaustion prior to his criminal trial.

Petitioner must first exhaust his claims before all levels of the New Jersey state courts, and if he is unsuccessful, he may then present his claims to this Court in a petition for writ of habeas

3

corpus. *See Moore*, 515 F.2d at 445 (stating that adequate state-court review remains available to the petitioner "at trial and thereafter, on appellate review"). Accordingly, the Petition is dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is dismissed without prejudice. An appropriate order follows.

**DATED**: June 24, 2024

**JULIEN XAVIER NEALS**
**United States District Judge**